UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:01-cr-0048-TWP-DML-1 |
| | ) | |
| ARTHUR DUNLAP, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 9, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 22, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 22, 2014, defendant Arthur Dunlap appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Dunlap of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Dunlap questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Dunlap and his counsel, who informed the court they had reviewed the Petition and that Mr. Dunlap understood the violations alleged. Mr. Dunlap waived further reading of the Petition.

3. The court advised Mr. Dunlap of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Dunlap was advised of the rights he would have at a preliminary hearing. Mr. Dunlap stated that he wished to waive his right to a preliminary hearing.

4. Mr. Dunlap stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Dunlap executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Dunlap of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Dunlap, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

On October 22, and November 18, and 25, 2014, Mr. Dunlap provided positive drug screens for opiates. He admitted using heroin.

As previously reported to the Court, on August 3, 20, September 7, 18, and October 8, 2014, Mr. Dunlap provided urine specimens which tested positive for opiates. He admitted using heroin.

7. The court placed Mr. Dunlap under oath and directly inquired of Mr. Dunlap whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Dunlap admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3 and 5) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Ms. Dunlap's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Dunlap's supervised release, therefore, is 21-27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The Government argued for a modification to six (6) months at a Residential Reentry Center with defendant continuing on current conditions of supervised release. Defendant argued to remain on current conditions of supervised release. Mr. Dunlap directly addressed the court as well.

3

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ARTHUR DUNLAP, violated the above-specified conditions in the Petition and that his supervised release should continue under the previously-ordered conditions of supervised release. This recommendation is based on Mr. Dunlap's efforts to address his addiction, his employment, and his family support. The court determined that Mr. Dunlap should be given one more opportunity to succeed rather than modifying conditions of release that would affect his treatment, employment, and family support. The court directed the U.S. Probation Officer to file another petition in the event Mr. Dunlap fails a drug screen administered at any time after the hearing.

Counsel for the parties and Mr. Dunalp stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Dunlap entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation of continuing Mr. Dunlap on his current conditions of supervised release.

IT IS SO RECOMMENDED.

Date: January 21, 2015

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

James Warden
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Gwendolyn Beitz
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

United States Probation Office

United States Marshal