UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:01-cr-0048-TWP-DML |
| | ) | |
| ARTHUR DUNLAP, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 6, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 8, 2016 and the Supplemental Petition filed on August 3, 2016.  Defendant Dunlap appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Barry Glickman, Assistant United States Attorney.  U.S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Dunlap of his rights and ensured he had copies of the Petition and the Supplemental Petition.  Defendant Dunlap waived his right to a preliminary hearing.

2.     After being placed under oath, Defendant Dunlap admitted violations 1, 2, 3, 4, and 5.  [Docket Nos. 42 and 51.]

3.     The allegations to which Defendant admitted, as fully set forth in the petition, are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**     **"The defendant shall refrain from any unlawful use of a controlled substance."**

On May 10, 13, 20, and 27, 2016, Mr. Dunlap provided urine specimens which tested positive for Opiates.  He admitted using heroin.

As previously reported to the Court, on August 3, 20, September 7, 18, October 8, 22, November 18, 25, and December 11, 2014; January 26, and 28, February 6, and 8, November 7, 2015; and March 2, 2016, Mr. Dunlap provided urine specimens which tested positive for opiates.  The offender admitted using heroin.

**2**     **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

On February 29, March 1, April 11, May 6, 7, and 8, 2016, Mr. Dunlap failed to report for scheduled drug screens.

As previously reported to the Court, on January 24, 2015; February 9, 20, 21, 22, 23, 24, 25, 26, 27, and 28, 2016, Mr. Dunlap failed to report for a random drug screens.  In addition, on February 10, 2016, Mr. Dunlap provided a urine specimen which tested "diluted."

**3**     **"The defendant shall not commit another federal, state, or local crime."**

On April 27, 2016, an Information was filed in Boone County Superior Court II, Indiana, charging the offender with criminal trespass and public intoxication. A warrant was subsequently issued. On May 13, 2016, the offender turned himself in to the Boone County Sheriff's Office where he posted a $500 cash bond. This case is pending under Cause Number 06D02-1604-CM-00379. An initial hearing was waived and a bench trial was set for July 29, 2016.

According to the probable cause affidavit, on March 2, 2016, law enforcement was dispatched to Ray's Trash Service regarding a drunk individual.  An employee at the property asked the individual, later identified as Mr. Dunlap, to leave.  He left; however, returned a second time roaming the property. Mr. Dunlap grabbed a spool of bailing wire, as if he were trying to take it, then put it down.  He then proceeded into the maintenance garage where he was talking to himself and touching their

2

equipment.  Law enforcement officers located Mr. Dunlap inside the garage and upon making contact with him noticed an odor of alcoholic beverage was on his breath and he appeared to be impaired.  Mr. Dunlap was talking to himself and was not making sense.  The officer attempted to perform a field sobriety test; however, was unable to complete the test due to Mr. Dunlap being unable to focus on the stimulus as well as moving his head around.    Medics arrived on scene to assess Mr. Dunlap, who was subsequently transported to St. Vincent Hospital for further evaluation. While inside the hospital, an emergency room nurse informed law enforcement officers that Mr. Dunlap ran out of the hospital after he arrived at the check-in station and he could not be located by hospital staff.

4    **"The defendant shall refrain from any unlawful use of a controlled substance."**

On July 11, 18, and 22, 2016, Mr. Dunlap provided urine specimens which tested positive for Opiates.  He admitted use of heroin.

5    **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

On July 13, 14, and 17, 2016, Mr. Dunlap failed to report for random drug screens.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is VI.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5.    The government argued for revocation with a sentence of 36 months of incarceration (above the guideline range) with no supervised release to follow.  The defendant argued for revocation with a sentence of 12 months and a day of incarceration with supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and

recommends that Defendant's supervised release be **REVOKED**, and that he be sentenced to the custody of the Attorney General or his designee for a period of 12 months, with 3 years of supervised release to follow.  The Magistrate Judge further recommends that the Court recommend Defendant's placement by the Bureau of Prisons in a drug treatment program.  Upon release, in addition to the mandatory conditions of supervision, the following conditions will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.  (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

4

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

**Justification:  these conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.**

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay:  Substance Abuse.  The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month.  You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

**Justification:  the offender has a history of substance abuse and addiction.  These conditions will assist the probation officer in monitoring the offender's compliance to abstaining from controlled substances.**

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

   **Justification:  the offender has a history of drug use, drug distribution, and possessing a firearm.  This condition will assist the probation officer in monitoring compliance.**

21. You shall reside in a residential reentry center for a term of up to 180 days at the discretion of the probation officer.  You shall abide by the rules and regulations of the facility.

   **Justification:  this condition will allow for the offender to be monitored in a more structured environment, encouraging his compliance with conditions of supervision, and providing further support for his efforts to battle his addiction.**

Defendant reviewed the foregoing conditions and they were reviewed by Defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  09 SEP 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal