UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:01-cr-0048-TWP-DML |
| | ) | |
| ARTHUR DUNLAP, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 17, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 22, 2018.  Defendant Dunlap appeared in person with his appointed counsel Loren Collins.  The government appeared by Barry Glickman, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Dunlap of his rights and ensured he had a copy of the Petition.  Defendant Dunlap orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Dunlap admitted violation nos. 1, 2, 3, 4, 5, 6, and 7 as set forth in the Petition.  [Docket No. 70.]

3.      The allegations to which Defendant admitted, as fully set forth in the Petition, are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential re-entry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |

As previously reported to the Court, Mr. Dunlap remitted only one subsistence payment despite being employed. On October 1, 2017, an incident report was prepared for violation of "unauthorized item" (pack of cigarettes.) On October 10, 2017, an incident report was prepared for violation of "smoking where prohibited." On December 21, 2017, two incident reports were prepared for violation of "intoxicants" and "refusing orders."

| | |
|---|---|
| 2 | **"You shall make good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."** |

As previously reported to the Court, on October 25, December 19, 2017, and January 19, 2018, this officer spoke with Mr. Dunlap regarding his subsistence requirement and instructed him to remit payments as required. He failed to do so.

| | |
|---|---|
| 3 | **"You shall not use or possess alcohol."** |

As previously reported to the Court, on December 7, and 23, 2017, Mr. Dunlap provided urine specimens which tested positive for alcohol. On December 21, 2017, Mr. Dunlap submitted to a breathalyzer test which yielded a positive result for alcohol. On April 10, 2018, Mr. Dunlap admitted consuming alcohol.

| | |
|---|---|
| 4 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |

As previously reported to the Court, Mr. Dunlap failed to notify the probation officer regarding law enforcement contact on September 28, 2017, when he was involved in a traffic accident. He was cited for having no insurance and his driver's license was subsequently suspended for 90 days.

| | |
|---|---|
| 5 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the instructions regarding frequency and dosage."** |

On June 16, 2018, Mr. Dunlap provided a urine specimen which tested positive for Opiates. Prior to receiving the test result, Mr. Dunlap sent a text to this officer on June 17, 2018, stating "now my bad news. I relapsed."

As previously reported to the Court, on March 20, 2018, Mr. Dunlap provided a urine specimen which confirmed positive for Codeine and Morphine by Alere Laboratory. On March 23, 2018, Mr. Dunlap provided a urine specimen which confirmed positive for Morphine by Alere Laboratory. On April 10, 2018, Mr. Dunlap admitted using heroin on that date. On May 3, and 6, 2018, Mr. Dunlap provided urine specimens which tested positive for Opiates. Mr. Dunlap admitted using heroin on April 30, 2018.

6       **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with testing methods."**

On May 24, June 3, and 7, 2018, Mr. Dunlap failed to report for scheduled drug testing.

As previously reported to the Court, on April 14, 15, and May 2, 2018, Mr. Dunlap failed to report for scheduled drug testing.

7       **"You shall participate in a substance abuse treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**

Effective April 16, 2018, Mr. Dunlap was required to begin attending weekly outpatient substance abuse counseling at Indianapolis Counseling Center. Mr. Dunlap failed to attend scheduled counseling appointments on April 26, and May 24, 2018.

4.     The Court finds that:

(a)     The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is VI.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

3

5.    The parties jointly recommended a sentence of twenty-one (21) months to be served at the Bureau of Prisons with no supervised release to follow, with Defendant to self-report upon designation.  Defendant requested placement at FCC Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that that Defendant's supervised release be revoked, that he be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months, with no supervised release to follow, and that he be allowed to self-report upon designation by the Bureau of Prisons.   The Defendant is to continue on the current conditions of supervised release pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge further recommends that the Court make a recommendation of placement at FCC Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  19 JUL 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal